For plaintiff: Robinson & Robinson.

For defendant: J. C. Semenoff.

---

### 99

Adelbert M. Peck et al.
vs.     Eq. No. 4040
John Levesque et al.

February 16, 1918

TANNER, P. J. This is a bill brought to procure a partition of lots 76 and 77 on a certain plat.

The bill alleges that the complainant Peck and the respondents are the owners in fee simple of said lots 76 and 77. The respondents file an answer in which they first deny that the the complainant Peck has any interest in lots 76 and 77 described in the bill, or that the complainant Bennett has any interest, by way of mortgage or otherwise, in said two lots. The answewr then goes on to allege that the respondents are owners in fee simple of five other lots and that the complainants appear to claim some color of title in said seven lots by reason of a certain sheriff's deed to the complainant Bennett. The answer then goes on to pray by way of cross-bill for affirmative relief, not only as to the two lots named in the complainants' bill but also as to the other five lots described in the answer.

It is clear under the rules of equity that the Court cannot entertain the respondents' answer as a cross-bill for affirmative relief in respect to the five lots not mentioned in the complainants' bill.

See Paine vs. Sackett, 25 R. I. 561.

The office of a cross-bill is to obtain affirmative relief upon the case stated in the bill, not to obtain relief with regard to other matters.

The complainants have filed a long special replication in which they appear to disclaim any title to the five lots named in the answer by reason of the sheriff's deed set up in the answer. Our equity rule No. 24 forbids the filing of any such special replication, but requires that the allegation of any matter rendered necessary by the answer shall be made by way of amendment to the bill.

We shall therefore consider only the allegations with respect to lots 76 and 77. Upon examining the exhibits in the case, we find that the complainants have apparently not introduced or filed in evidence the sheriff's deed or the writ upon which the property in the sheriff's deed was originally attached. We can therefore only state tentatively, for the information of the parties, what our opinion is upon what appears to be the case by the more or less tacit admissions of both attorneys.

By the original deed of Joseph Lizotte to Frank Levesque and wife, Alphonsine Levesque, Frank Levesque, one whom we gather is sometimes called Frank Levesque, Senior, became possessed of an undivided half interest in lots 76 and 77. Upon the death of his wife, Alphonsine, he became possessed, in addition, of a life estate in the remaining undivided half of said two lots. After the remarriage of Frank Levesque, Senior, to Delima Levesque, he conveyed to said Delima Levesque, through a third party, his interest in an undivided half of lots 76 and 77, together with his interest in other lots. He made a subsequent conveyance to said Delima through the same third party, for purposes of correction, of his interest in and to the same undivided half part of said lots 76 and 77. These conveyances would appear to leave Frank Levesque, Senior, still possessed of a life estate by courtesy in the other undivided half part of lots 76 and 77, which was owned by the children of himself and his first wife. If we assume that the sheriff's deed under which the complainants claim attached this interest of Frank Levesque, the complainants would have obtained title to this life estate of Frank Levesque, Senior.

The sheriff's deed also, in pursuance of the attachment, purported to convey the interest of Emma Levesque in and to an undivided half interest in said lots 76 and 77. It is claimed that Emma Levesque was Delima Levesque. As the record title, however, stood in the name of Delima Levesque, we do not see how an attachment in the name of Emma Levesque could carry the title of Delima Levesque. It therefore appears to us that the complainants got no title by the deed to the undivided half portion owned by Delima Levesque, and that the only title of the complainants in said lots 76 and 77 is the life interest in the undivided half of said lots belonging to the children of Frank Levesque and Alphonsine Levesque.

For plaintiff: George W. Bennett, Jr.

For defendant: T. M. O'Reilly.